E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

WALTER CLAGGETT

                Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN, MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES, INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES,INC., and
SCHINDLER ELEVATOR CORPORATION,

                Defendants.

CIVIL ACTION

FILE NO.: **21-C-03484-S5**

## JURY TRIAL DEMANDED

## COMPLAINT

      COMES NOW Walter Claggett, Plaintiff, and makes and files this complaint against
Defendants HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott

1

Exhibit A

Suites Midtown, Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc., Marriott International Design and Construction Services, Inc., and Schindler Elevator Corporation as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Walter Claggett is s resident of Pensacola, Florida and is subject to the jurisdiction of this court.

2.

HMC Suites Limited Partnership (hereinafter referred to as "HMC Suites") is a foreign corporation existing under the laws of Delaware with its principal place of business in Maryland and may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 and is subject to the jurisdiction of this court.

3.

Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown (hereinafter referred to as "Marriott International") is a foreign corporation existing under the laws of Delaware with its principal place of business in Maryland and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805 and is subject to the jurisdiction of this court.

4.

Marriott International Administrative Services, Inc. (hereinafter referred to as "Marriott International Administrative Services") is a foreign corporation existing under the laws of Delaware with its principal place of business in Maryland and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805 and is subject to the jurisdiction of this court.

5.

Marriott International Construction Services, Inc. (hereinafter referred to as "Marriott International Construction Services") is a foreign corporation existing under the laws of Delaware with its principal place of business in Maryland and may be served through its

registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805 and is subject to the jurisdiction of this court.

6.

Marriott International Design and Construction Services, Inc. (hereinafter referred to as "Marriott International Design and Construction Services") is a foreign corporation existing under the laws of Delaware with its principal place of business in Maryland and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805 and is subject to the jurisdiction of this court.

7.

Schindler Elevator Corporation (hereinafter referred to as "Schindler") is a foreign corporation existing under the laws of Delaware with its principal place of business in State of New Jersey and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805, and is subject to the jurisdiction of this court.

8.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

9.

On May 8, 2019, Plaintiff was an invitee of Defendants at the Marriott Suites Midtown which is located 35 14th Street, NW, Atlanta, GA 30309.

10.

At all times relevant to this litigation, Defendants owned, operated and controlled the premises and the elevator involved in this incident.

11.

At all times relevant to this litigation, Defendants were responsible for designing, manufacturing, inspecting, repairing, and/or maintaining the elevator involved in this incident.

12.

On May 8, 2019, while attempting to enter the elevator, Plaintiff was injured when the elevator doors malfunctioned, closed on Plaintiff's arm, and would not retract.

13.

As a result of the malfunction, Plaintiff was severely injured.

## **COUNT 1**
## **PREMISES LIABILITY**

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

Defendants owed a duty to invitees such as Plaintiff to keep the premises in a safe condition.

16.

Prior to the subject incident, Defendants were aware or should have been aware that the elevator doors were not functioning properly and needed to be repaired or have components replaced.

17.

Defendants were negligent in allowing Plaintiff and others to use the unsafe elevator and in failing to take adequate measures to protect invitees from the hazards presented by the unsafe elevator.

18.

Defendants were negligent in failing to keep the premises safe for invitees such as Plaintiff.

19.

Defendants were negligent in failing to warn invitees such as Plaintiff of the hazards presented by the unsafe elevator.

20.

Defendants' negligence was the sole and proximate cause of the malfunction and Plaintiff's resulting injuries.

## **COUNT 2**
## **VICARIOUS LIABILITY**

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

4

22.

At all times relevant to this action, the individuals responsible for designing, manufacturing, inspecting, repairing and maintaining the elevator which injured Plaintiff were employed by Defendants and were acting within the scope of their employment.

23.

Defendants are responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendants were negligent in hiring, training and supervising the individuals responsible for inspecting, repairing and maintaining the elevator that injured Plaintiff.

26.

Defendants' negligence in hiring, training and supervising these individuals resulted in Plaintiff's injuries.

## COUNT 4

## NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendants were negligent in inspecting, repairing and maintaining the elevator that injured Plaintiff.

29.

Defendants' negligence in inspecting, repairing and maintaining the elevator resulted in Plaintiff's injuries.

## COUNT 5

## DAMAGES

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

As a result of Defendants' conduct, Plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future.

32.

As a result of Defendants' conduct, Plaintiff has incurred past and future lost wages.

33.

As a result of Defendants' conduct, Plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, Plaintiff prays that he/she have a trial on all issues and judgment against defendant as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.


This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**


_/s/ Boyd B. Newton_
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149

6

(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03484-S5
5/6/2021 3:33 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

WALTER CLAGGETT

                Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN,  MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES,  INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

                Defendants.

CIVIL ACTION

FILE NO.: 21-C-03484-S5

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT SCHINDLER ELEVATOR CORPORATION

COMES NOW Walter Claggett, Plaintiff in the above-styled action, and pursuant to

O.C.G.A. 9-11-36, requests Defendant admit for purposes of this action that each of the

following statements of fact, application of law to fact, and/or genuineness of documents are

1

true.  Defendant is required to make the following admissions within Forty-five (45) days after service of these requests.

1.

Please admit that this Court has personal jurisdiction over this Defendant.

2.

Please admit that this Court has subject-matter jurisdiction in this case.

3.

Please admit that this Defendant was properly served with the Plaintiff's Summons and Complaint.

4.

Please admit that venue is proper in this Court.

5.

Please admit that this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had actual knowledge of the defect in elevator that injured Plaintiff.

7

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had constructive knowledge of the defect in the elevator that injured Plaintiff.

8.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to inspect the elevator that injured Plaintiff.

9.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to repair the elevator that injured Plaintiff.

10.

Please admit that the Plaintiff was not negligent in connection with the incident which forms the basis of Plaintiff's Complaint.

11.

Please admit that this Defendant's failure to properly inspect the elevator was the proximate cause of Plaintiff's injuries.

12.

Please admit that this Defendant's failure to properly maintain the elevator that closed on Plaintiff's arm was the proximate cause of Plaintiff's personal injuries.

13.

Please admit that this Defendant's failure to properly repair the elevator was the proximate cause of Plaintiff's personal injuries.

14.

Please admit that this Defendant's failure to warn Plaintiff of the defective elevator was the proximate cause of fall and personal injuries.

15.

Please admit that prior to the incident which forms the basis of Plaintiff's Complaint, this Defendant should have known that the elevator which is the subject of Plaintiff's Complaint was defective.

16.

Please admit that the elevator which is the subject of Plaintiff's Complaint posed an unreasonable risk of harm to Plaintiff on May 8, 2019.

17.

Please admit that the elevator which is the subject of Plaintiff's Complaint constituted a hazard to Plaintiff on May 8, 2019.

18.

Please admit that prior to the occurrence which forms the basis of Plaintiff's Complaint, Plaintiff did not have reason to know that the subject elevator was defective.

19.

Please admit that on May 8, 2019, this Defendant owned the real property located at 35 14th Street, NW, Atlanta, GA 30309.

20.

Please admit that on May 8, 2019, this Defendant owned the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

21.

Please admit that on May 8, 2019, this Defendant operated the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

22.

Please admit that on May 8, 2019, at the time of the incident which forms the basis of Plaintiff's Complaint, Plaintiff was an invitee of this Defendant at the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

Respectfully submitted, this 6th day of May, 2021.

**BOYD B. NEWTON, PC**


*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, GA 30342
(Ph.) (404) 593-2630
(Fax) (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

## IN THE STATE  COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

WALTER CLAGGETT

              Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN,  MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES,  INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

              Defendants.

CIVIL ACTION

FILE NO.: 21-C-03484-S5

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SCHINDLER
## ELEVATOR CORPORATION

TO:    Defendant Schindler Elevator Corporation, by and through counsel of
        record.

1

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendants.

1.

State the name, address, telephone number, email address, job title, and job description(s) of any person, including any party, who, to your knowledge, information or belief:

 (a) Was an eyewitness to the incident complained of in this action;

 (b) Has some knowledge of any fact or circumstance upon which your defense is based;

 (c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff, and

 (d) Participated in responding to these Interrogatories and Request for Production of Documents.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any photographs, plats or drawings of the scene of the incident referred to in the complaint or any instrumentality alleged to have been

involved therein?  If so, please describe such photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Have there ever been any incidents involving personal injuries to individuals on the elevator that is the subject of this litigation for the five-year period preceding this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the incident;

(b)     The name, address and telephone number of the injured person;

(c)     A description of the accident.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any dispatch records, call logs, incident report, memoranda, handwritten note, or other documents or materials concerning, referencing or describing any accident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Please state the identity of each individual or entity with any interest in the property on which the incident involving the plaintiff occurred.

9.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or repair of the elevator that is the subject matter of this litigation?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

3

10.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any contracts, documents, correspondence or other records concerning any of the contracting parties listed in the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Has any entity issued a policy of liability insurance to the defendants?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

12.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

13.

Do you contend that the plaintiff caused or contributed to the accident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any report, data, memoranda, handwritten notes, videotape, photographs or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please describe any inspection or maintenance policies or procedures utilized in regard to the elevator that is the subject of this litigation.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manual, guidelines, reports, correspondence, or other documents concerning any policies or procedures concerning or referencing the elevator that is the subject of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any daily, weekly, annual or other inspection or maintenance reports regarding the elevator that is the subject of this litigation for the two-year period preceding this accident and the six-month period subsequent to this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Have you performed any surveillance on plaintiff?  If so, please state the following:

(a)      The dates of surveillance;

(b)      The person or entity who performed the surveillance;

(c)      A description of the surveillance.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any photographs or videotapes depicting plaintiff, the elevator or any other subject relevant to this action. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any medical records, x-ray films, MRI or CT scans or other documents regarding the plaintiff or his claimed damages.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Have you received any complaints regarding the elevator that is the subject of this litigation for the two-year period prior to this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the complaint;

(b)     The name, address and telephone number of the person who made the complaint;

(c)     A description of the complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any call logs, dispatch records, correspondence, memoranda, forms or other records concerning complaints referenced in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manuals, guidelines, memoranda or other documents related to elevator inspections, maintenance, repairs or other operations by your company.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manual, guidelines, memoranda or other document concerning the inspection, maintenance or repairs of elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Please identify any individuals who were responsible for maintaining or repairing the elevator in question or actually made repairs or maintenance to the subject elevator for the one-year period prior to the accident and the six-month period after the accident, including the person's name, address, current employer, telephone number and a description of the work performed by the individual.

28.

Please state in detail your policies and procedures regarding accidents involving elevators, including the reporting of accidents involving injuries.

29.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing your policies and procedures regarding accidents involving elevators, including any reporting requirements regarding accidents with injuries.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Please state in detail any training given to employees regarding accidents involving elevators.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing any training provided to employees regarding accidents involving escalators/elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Was the accident involving the plaintiff reported to the Department of Labor or any other governmental entity?  If so, please state:

(a)    The date of the report;

(b)    The identity of the person who reported the incident;

(c)    The identity of the person at the Department of Labor or other governmental entity who investigated the incident.

7

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all manufacturer service guides or manuals concerning the type of elevator that was involved in the incident which is the subject matter of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all memoranda, correspondence, reports, records, or other documents concerning plaintiff's accident sent to or received from any governmental entity, including but not limited to the Department of Labor.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all service request forms or repair records regarding the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspection reports, repair orders, work orders, maintenance tickets or other documents evidencing any repairs or maintenance to the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all citations, reprimands, correspondence, reports or other documents from any governmental entity in regard to the elevator that is the subject of this litigation for the five-year period prior to this

accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspections, audits or surveys from outside entities or individuals and any correspondence, reports, memoranda or other documents generated in regard to these inspections, audits or surveys for the property where the plaintiff was injured for the one-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all safety handbooks given to defendants' employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)    The date each document was generated;

(b)    The person generating each document;

(c)    The present custodian of each document;

(d)    A description of each document.

41.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any payroll records for employees working within the facility where the elevator was located for the date of the incident involving the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

correspondence, letter, handwritten note, telephone log, memoranda or other document concerning, referencing or describing communications between the owner and the maintenance company regarding the elevator that was involved in the incident which is the subject matter of this litigation for the two-year period preceding this incident and the six-month period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

43.

Please state your policies and procedures regarding receiving complaints from customers via telephone, facsimile, e-mail or other medium regarding problems with elevators, and the dispatching of mechanics to resolve these complaints.

44.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing the defendant's policies and procedures for handling customer complaints regarding elevators and dispatching mechanics to resolve these complaints.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, parts requisition forms for any work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

invoices, receipts, spreadsheets, computer documents or other records evidencing charges for work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any e-mails, letters, texts, documents or other records evidencing communications between this defendant and any Marriott codefendant regarding Plaintiff, Plaintiff's injuries, the incident that is the subject of Plaintiff's Complaint, and the elevator involved in the incident that this the subject of this Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

49.

When did you first anticipate litigation regarding the incident that is the subject of Plaintiff's Complaint.

50.

On May 8, 2019, who owned the elevators located in the Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309?


This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**



*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149
(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

## IN THE STATE  COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

WALTER CLAGGETT

                    Plaintiff,


v.                                              CIVIL ACTION
                                                FILE NO.: **21-C-03484-S5** _____

HMC SUITES LIMITED PARTNERSHIP,

MARRIOTT INTERNATIONAL, INC. d/b/a

ATLANTA MARRIOTT SUITES

MIDTOWN,  MARRIOTT

INTERNATIONAL ADMINISTRATIVE

SERVICES, INC.,  MARRIOTT

INTERNATIONAL CONSTRUCTION

SERVICES, INC., MARRIOTT

INTERNATIONAL DESIGN AND

CONSTRUCTION SERVICES, INC., and

SCHINDLER ELEVATOR CORPORATION,


                    Defendants.


## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARRIOTT
## INTERNATIONAL CONSTRUCTION SERVICES, INC.

TO:    Defendant Marriott International Construction Services, Inc. by and through

        counsel of record.

1

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendants.

1.

State the name, address, telephone number, email address, job title, and job description(s) of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff, and

(d)     Participated in responding to these Interrogatories and Request for Production of Documents.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such statements or reports.   In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any photographs, plats or drawings of the scene of the incident referred to in the complaint or any instrumentality alleged to have been

2

involved therein?  If so, please describe such photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Have there ever been any incidents involving personal injuries to individuals on the elevator that is the subject of this litigation for the five-year period preceding this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the incident;

(b)     The name, address and telephone number of the injured person;

(c)     A description of the accident.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any dispatch records, call logs, incident report, memoranda, handwritten note, or other documents or materials concerning, referencing or describing any accident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Please state the identity of each individual or entity with any interest in the property on which the incident involving the plaintiff occurred.

9.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or repair of the elevator that is the subject matter of this litigation?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

10.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any contracts, documents, correspondence or other records concerning any of the contracting parties listed in the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Has any entity issued a policy of liability insurance to the defendants?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

12.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

13.

Do you contend that the plaintiff caused or contributed to the accident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any report, data, memoranda, handwritten notes, videotape, photographs or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please describe any inspection or maintenance policies or procedures utilized in regard to the elevator that is the subject of this litigation.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manual, guidelines, reports, correspondence, or other documents concerning any policies or procedures concerning or referencing the elevator that is the subject of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any daily, weekly, annual or other inspection or maintenance reports regarding the elevator that is the subject of this litigation for the two-year period preceding this accident and the six-month period subsequent to this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Have you performed any surveillance on plaintiff?  If so, please state the following:

(a)     The dates of surveillance;

(b)     The person or entity who performed the surveillance;

(c)     A description of the surveillance.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any photographs or videotapes depicting plaintiff, the elevator or any other subject relevant to this action. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any medical records, x-ray films, MRI or CT scans or other documents regarding the plaintiff or his claimed damages.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Have you received any complaints regarding the elevator that is the subject of this litigation for the two-year period prior to this accident and the one-year period subsequent to this accident?  If so, please state:

    (a)      The date of the complaint;

    (b)      The name, address and telephone number of the person who made the complaint;

    (c)      A description of the complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any call logs, dispatch records, correspondence, memoranda, forms or other records concerning complaints referenced in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manuals, guidelines, memoranda or other documents related to elevator inspections, maintenance, repairs or other operations by your company.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manual, guidelines, memoranda or other document concerning the inspection, maintenance or repairs of elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Please identify any individuals who were responsible for maintaining or repairing the elevator in question or actually made repairs or maintenance to the subject elevator for the one-year period prior to the accident and the six-month period after the accident, including the person's name, address, current employer, telephone number and a description of the work performed by the individual.

28.

Please state in detail your policies and procedures regarding accidents involving elevators, including the reporting of accidents involving injuries.

29.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing your policies and procedures regarding accidents involving elevators, including any reporting requirements regarding accidents with injuries.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Please state in detail any training given to employees regarding accidents involving elevators.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing any training provided to employees regarding accidents involving escalators/elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Was the accident involving the plaintiff reported to the Department of Labor or any other governmental entity?  If so, please state:

(a)     The date of the report;

(b)     The identity of the person who reported the incident;

(c)     The identity of the person at the Department of Labor or other governmental entity who investigated the incident.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all manufacturer service guides or manuals concerning the type of elevator that was involved in the incident which is the subject matter of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all memoranda, correspondence, reports, records, or other documents concerning plaintiff's accident sent to or received from any governmental entity, including but not limited to the Department of Labor.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all service request forms or repair records regarding the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspection reports, repair orders, work orders, maintenance tickets or other documents evidencing any repairs or maintenance to the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all citations, reprimands, correspondence, reports or other documents from any governmental entity in regard to the elevator that is the subject of this litigation for the five-year period prior to this

accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspections, audits or surveys from outside entities or individuals and any correspondence, reports, memoranda or other documents generated in regard to these inspections, audits or surveys for the property where the plaintiff was injured for the one-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all safety handbooks given to defendants' employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

41.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any payroll records for employees working within the facility where the elevator was located for the date of the incident involving the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

correspondence, letter, handwritten note, telephone log, memoranda or other document concerning, referencing or describing communications between the owner and the maintenance company regarding the elevator that was involved in the incident which is the subject matter of this litigation for the two-year period preceding this incident and the six-month period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

43.

Please state your policies and procedures regarding receiving complaints from customers via telephone, facsimile, e-mail or other medium regarding problems with elevators, and the dispatching of mechanics to resolve these complaints.

44.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing the defendant's policies and procedures for handling customer complaints regarding elevators and dispatching mechanics to resolve these complaints.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, parts requisition forms for any work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

invoices, receipts, spreadsheets, computer documents or other records evidencing charges for work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any e-mails, letters, texts, documents or other records evidencing communications between this defendant and Schindler Elevator Corporation regarding Plaintiff, Plaintiff's injuries, the incident that is the subject of Plaintiff's Complaint, and the elevator involved in the incident that this the subject of this Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

49.

When did you first anticipate litigation regarding the incident that is the subject of Plaintiff's Complaint.

50.

On May 8, 2019, who owned the real property located at located 35 14th Street, NW, Atlanta, GA 30309?

51.

On May 8, 2019, who operated the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

52.

On May 8, 2019, who owned the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**

*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road

Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149
(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

## IN THE STATE  COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

WALTER CLAGGETT

        Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN,  MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES,  INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

        Defendants.

CIVIL ACTION

FILE NO.: **21-C-03484-S5**

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT MARRIOTT INTERNATIONAL CONSTRUCTION SERVICES, INC.

COMES NOW Walter Claggett, Plaintiff in the above-styled action, and pursuant to O.C.G.A. 9-11-36, requests Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are

1

true.  Defendant is required to make the following admissions within Forty-five (45) days after service of these requests.

1.

Please admit that this Court has personal jurisdiction over this Defendant.

2.

Please admit that this Court has subject-matter jurisdiction in this case.

3.

Please admit that this Defendant was properly served with the Plaintiff's Summons and Complaint.

4.

Please admit that venue is proper in this Court.

5.

Please admit that this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had actual knowledge of the defect in elevator that injured Plaintiff.

7

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had constructive knowledge of the defect in the elevator that injured Plaintiff.

8.

2

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to inspect the elevator that injured Plaintiff.

9.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to repair the elevator that injured Plaintiff.

10.

Please admit that the Plaintiff was not negligent in connection with the incident which forms the basis of Plaintiff's Complaint.

11.

Please admit that this Defendant's failure to properly inspect the elevator was the proximate cause of Plaintiff's injuries.

12.

Please admit that this Defendant's failure to properly maintain the elevator that closed on Plaintiff's arm was the proximate cause of Plaintiff's personal injuries.

13.

Please admit that this Defendant's failure to properly repair the elevator was the proximate cause of Plaintiff's personal injuries.

14.

Please admit that this Defendant's failure to warn Plaintiff of the defective elevator was the proximate cause of fall and personal injuries.

15.

Please admit that prior to the incident which forms the basis of Plaintiff's Complaint, this Defendant should have known that the elevator which is the subject of Plaintiff's Complaint was defective.

16.

Please admit that the elevator which is the subject of Plaintiff's Complaint posed an unreasonable risk of harm to Plaintiff on May 8, 2019.

17.

Please admit that the elevator which is the subject of Plaintiff's Complaint constituted a hazard to Plaintiff on May 8, 2019.

18.

Please admit that prior to the occurrence which forms the basis of Plaintiff's Complaint, Plaintiff did not have reason to know that the subject elevator was defective.

19.

Please admit that on May 8, 2019, this Defendant owned the real property located at 35 14th Street, NW, Atlanta, GA 30309.

20.

Please admit that on May 8, 2019, this Defendant owned the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

21.

Please admit that on May 8, 2019, this Defendant operated the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

4

22.

Please admit that on May 8, 2019, at the time of the incident which forms the basis of

Plaintiff's Complaint, Plaintiff was an invitee of this Defendant at the Atlanta Marriott Suites

Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

Respectfully submitted, this 6th day of May, 2021.

**BOYD B. NEWTON, PC**


*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, GA 30342
(Ph.) (404) 593-2630
(Fax) (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

5

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

WALTER CLAGGETT

Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN, MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES, INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

Defendants.

CIVIL ACTION
FILE NO.: _**21-C-03484-S5**_____

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT MARRIOTT INTERNATIONAL, INC. d/b/a ATLANTA MARRIOTT
## SUITES MIDTOWN

COMES NOW Walter Claggett, Plaintiff in the above-styled action, and pursuant to

O.C.G.A. 9-11-36, requests Defendant admit for purposes of this action that each of the

1

following statements of fact, application of law to fact, and/or genuineness of documents are true.  Defendant is required to make the following admissions within Forty-five (45) days after service of these requests.

1.

Please admit that this Court has personal jurisdiction over this Defendant.

2.

Please admit that this Court has subject-matter jurisdiction in this case.

3.

Please admit that this Defendant was properly served with the Plaintiff's Summons and Complaint.

4.

Please admit that venue is proper in this Court.

5.

Please admit that this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had actual knowledge of the defect in elevator that injured Plaintiff.

7

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had constructive knowledge of the defect in the elevator that injured Plaintiff.

8.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to inspect the elevator that injured Plaintiff.

9.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to repair the elevator that injured Plaintiff.

10.

Please admit that the Plaintiff was not negligent in connection with the incident which forms the basis of Plaintiff's Complaint.

11.

Please admit that this Defendant's failure to properly inspect the elevator was the proximate cause of Plaintiff's injuries.

12.

Please admit that this Defendant's failure to properly maintain the elevator that closed on Plaintiff's arm was the proximate cause of Plaintiff's personal injuries.

13.

Please admit that this Defendant's failure to properly repair the elevator was the proximate cause of Plaintiff's personal injuries.

14.

Please admit that this Defendant's failure to warn Plaintiff of the defective elevator was the proximate cause of fall and personal injuries.

15.

Please admit that prior to the incident which forms the basis of Plaintiff's Complaint, this Defendant should have known that the elevator which is the subject of Plaintiff's Complaint was defective.

16.

Please admit that the elevator which is the subject of Plaintiff's Complaint posed an unreasonable risk of harm to Plaintiff on May 8, 2019.

17.

Please admit that the elevator which is the subject of Plaintiff's Complaint constituted a hazard to Plaintiff on May 8, 2019.

18.

Please admit that prior to the occurrence which forms the basis of Plaintiff's Complaint, Plaintiff did not have reason to know that the subject elevator was defective.

19.

Please admit that on May 8, 2019, this Defendant owned the real property located at 35 14th Street, NW, Atlanta, GA 30309.

20.

Please admit that on May 8, 2019, this Defendant owned the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

21.

Please admit that on May 8, 2019, this Defendant operated the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

4

22.

Please admit that on May 8, 2019, at the time of the incident which forms the basis of Plaintiff's Complaint, Plaintiff was an invitee of this Defendant at the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

Respectfully submitted, this 6th day of May, 2021.

**BOYD B. NEWTON, PC**

_/s/ Boyd B. Newton_
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, GA 30342
(Ph.) (404) 593-2630
(Fax) (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

5

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03484-S5
5/6/2021 3:33 PM
TIANA P. GARNER, CLERK

# IN THE STATE  COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

WALTER CLAGGETT

                Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN,  INC., MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES,  INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

                Defendants.

CIVIL ACTION
FILE NO.: 21-C-03484-S5

---

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARRIOTT
## INTERNATIONAL, INC. d/b/a ATLANTA MARRIOTT SUITES MIDTOWN

TO:    Defendant Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown
        by and through counsel of record.

1

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendants.

1.

State the name, address, telephone number, email address, job title, and job description(s) of any person, including any party, who, to your knowledge, information or belief:

(a)    Was an eyewitness to the incident complained of in this action;

(b)    Has some knowledge of any fact or circumstance upon which your defense is based;

(c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff, and

(d)    Participated in responding to these Interrogatories and Request for Production of Documents.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such statements or reports.   In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any photographs, plats or drawings of the scene of the incident referred to in the complaint or any instrumentality alleged to have been

involved therein?  If so, please describe such photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Have there ever been any incidents involving personal injuries to individuals on the elevator that is the subject of this litigation for the five-year period preceding this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the incident;

(b)     The name, address and telephone number of the injured person;

(c)     A description of the accident.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any dispatch records, call logs, incident report, memoranda, handwritten note, or other documents or materials concerning, referencing or describing any accident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Please state the identity of each individual or entity with any interest in the property on which the incident involving the plaintiff occurred.

9.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or repair of the elevator that is the subject matter of this litigation?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

3

10.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any contracts, documents, correspondence or other records concerning any of the contracting parties listed in the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Has any entity issued a policy of liability insurance to the defendants?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

12.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

13.

Do you contend that the plaintiff caused or contributed to the accident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any report, data, memoranda, handwritten notes, videotape, photographs or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please describe any inspection or maintenance policies or procedures utilized in regard to the elevator that is the subject of this litigation.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manual, guidelines, reports, correspondence, or other documents concerning any policies or procedures concerning or referencing the elevator that is the subject of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any daily, weekly, annual or other inspection or maintenance reports regarding the elevator that is the subject of this litigation for the two-year period preceding this accident and the six-month period subsequent to this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Have you performed any surveillance on plaintiff?  If so, please state the following:

(a)     The dates of surveillance;

(b)     The person or entity who performed the surveillance;

(c)     A description of the surveillance.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any photographs or videotapes depicting plaintiff, the elevator or any other subject relevant to this action. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any medical records, x-ray films, MRI or CT scans or other documents regarding the plaintiff or his claimed damages.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Have you received any complaints regarding the elevator that is the subject of this litigation for the two-year period prior to this accident and the one-year period subsequent to this accident?  If so, please state:

    (a)      The date of the complaint;

    (b)      The name, address and telephone number of the person who made the complaint;

    (c)      A description of the complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any call logs, dispatch records, correspondence, memoranda, forms or other records concerning complaints referenced in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manuals, guidelines, memoranda or other documents related to elevator inspections, maintenance, repairs or other operations by your company.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manual, guidelines, memoranda or other document concerning the inspection, maintenance or repairs of elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Please identify any individuals who were responsible for maintaining or repairing the elevator in question or actually made repairs or maintenance to the subject elevator for the one-year period prior to the accident and the six-month period after the accident, including the person's name, address, current employer, telephone number and a description of the work performed by the individual.

28.

Please state in detail your policies and procedures regarding accidents involving elevators, including the reporting of accidents involving injuries.

29.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing your policies and procedures regarding accidents involving elevators, including any reporting requirements regarding accidents with injuries.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Please state in detail any training given to employees regarding accidents involving elevators.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing any training provided to employees regarding accidents involving escalators/elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Was the accident involving the plaintiff reported to the Department of Labor or any other governmental entity?  If so, please state:

(a)    The date of the report;

(b)    The identity of the person who reported the incident;

(c)    The identity of the person at the Department of Labor or other governmental entity who investigated the incident.

7

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all manufacturer service guides or manuals concerning the type of elevator that was involved in the incident which is the subject matter of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all memoranda, correspondence, reports, records, or other documents concerning plaintiff's accident sent to or received from any governmental entity, including but not limited to the Department of Labor.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all service request forms or repair records regarding the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspection reports, repair orders, work orders, maintenance tickets or other documents evidencing any repairs or maintenance to the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all citations, reprimands, correspondence, reports or other documents from any governmental entity in regard to the elevator that is the subject of this litigation for the five-year period prior to this

accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspections, audits or surveys from outside entities or individuals and any correspondence, reports, memoranda or other documents generated in regard to these inspections, audits or surveys for the property where the plaintiff was injured for the one-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all safety handbooks given to defendants' employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

41.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any payroll records for employees working within the facility where the elevator was located for the date of the incident involving the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

correspondence, letter, handwritten note, telephone log, memoranda or other document concerning, referencing or describing communications between the owner and the maintenance company regarding the elevator that was involved in the incident which is the subject matter of this litigation for the two-year period preceding this incident and the six-month period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

43.

Please state your policies and procedures regarding receiving complaints from customers via telephone, facsimile, e-mail or other medium regarding problems with elevators, and the dispatching of mechanics to resolve these complaints.

44.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing the defendant's policies and procedures for handling customer complaints regarding elevators and dispatching mechanics to resolve these complaints.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, parts requisition forms for any work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

invoices, receipts, spreadsheets, computer documents or other records evidencing charges for work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any e-mails, letters, texts, documents or other records evidencing communications between this defendant and Schindler Elevator Corporation regarding Plaintiff, Plaintiff's injuries, the incident that is the subject of Plaintiff's Complaint, and the elevator involved in the incident that this the subject of this Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

49.

When did you first anticipate litigation regarding the incident that is the subject of Plaintiff's Complaint.

50.

On May 8, 2019, who owned the real property located at located 35 14th Street, NW, Atlanta, GA 30309?

51.

On May 8, 2019, who operated the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

52.

On May 8, 2019, who owned the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**

*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road

11

Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149
(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03484-S5
5/6/2021 3:33 PM
TIANA P. GARNER, CLERK

# IN THE STATE  COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

WALTER CLAGGETT

                Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN,  MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES,  INC., MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

                Defendants.

CIVIL ACTION

FILE NO.:  21-C-03484-S5

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC.

COMES NOW Walter Claggett, Plaintiff in the above-styled action, and pursuant to

O.C.G.A. 9-11-36, requests Defendant admit for purposes of this action that each of the

following statements of fact, application of law to fact, and/or genuineness of documents are

1

true.  Defendant is required to make the following admissions within Forty-five (45) days after service of these requests.

1.

Please admit that this Court has personal jurisdiction over this Defendant.

2.

Please admit that this Court has subject-matter jurisdiction in this case.

3.

Please admit that this Defendant was properly served with the Plaintiff's Summons and Complaint.

4.

Please admit that venue is proper in this Court.

5.

Please admit that this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had actual knowledge of the defect in elevator that injured Plaintiff.

7

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had constructive knowledge of the defect in the elevator that injured Plaintiff.

8.

2

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to inspect the elevator that injured Plaintiff.

9.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to repair the elevator that injured Plaintiff.

10.

Please admit that the Plaintiff was not negligent in connection with the incident which forms the basis of Plaintiff's Complaint.

11.

Please admit that this Defendant's failure to properly inspect the elevator was the proximate cause of Plaintiff's injuries.

12.

Please admit that this Defendant's failure to properly maintain the elevator that closed on Plaintiff's arm was the proximate cause of Plaintiff's personal injuries.

13.

Please admit that this Defendant's failure to properly repair the elevator was the proximate cause of Plaintiff's personal injuries.

14.

Please admit that this Defendant's failure to warn Plaintiff of the defective elevator was the proximate cause of fall and personal injuries.

15.

Please admit that prior to the incident which forms the basis of Plaintiff's Complaint, this Defendant should have known that the elevator which is the subject of Plaintiff's Complaint was defective.

16.

Please admit that the elevator which is the subject of Plaintiff's Complaint posed an unreasonable risk of harm to Plaintiff on May 8, 2019.

17.

Please admit that the elevator which is the subject of Plaintiff's Complaint constituted a hazard to Plaintiff on May 8, 2019.

18.

Please admit that prior to the occurrence which forms the basis of Plaintiff's Complaint, Plaintiff did not have reason to know that the subject elevator was defective.

19.

Please admit that on May 8, 2019, this Defendant owned the real property located at 35 14th Street, NW, Atlanta, GA 30309.

20.

Please admit that on May 8, 2019, this Defendant owned the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

21.

Please admit that on May 8, 2019, this Defendant operated the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

4

22.

Please admit that on May 8, 2019, at the time of the incident which forms the basis of

Plaintiff's Complaint, Plaintiff was an invitee of this Defendant at the Atlanta Marriott Suites

Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

Respectfully submitted, this 6th day of May, 2021.

**BOYD B. NEWTON, PC**


*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, GA 30342
(Ph.) (404) 593-2630
(Fax) (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

5

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

# IN THE STATE  COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

WALTER CLAGGETT

                Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,

MARRIOTT INTERNATIONAL, INC. d/b/a

ATLANTA MARRIOTT SUITES

MIDTOWN,  MARRIOTT

INTERNATIONAL ADMINISTRATIVE

SERVICES, INC.,  MARRIOTT

INTERNATIONAL CONSTRUCTION

SERVICES, INC., MARRIOTT

INTERNATIONAL DESIGN AND

CONSTRUCTION SERVICES, INC., and

SCHINDLER ELEVATOR CORPORATION,

                Defendants.

CIVIL ACTION
FILE NO.: **21-C-03484-S5** _____

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARRIOTT
## INTERNATIONAL ADMINISTRATIVE SERVICES, INC.

TO:    Defendant Marriott International Administrative Services, Inc. by and

        through counsel of record.

1

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendants.

1.

State the name, address, telephone number, email address, job title, and job description(s) of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff, and

(d)     Participated in responding to these Interrogatories and Request for Production of Documents.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such statements or reports.   In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any photographs, plats or drawings of the scene of the incident referred to in the complaint or any instrumentality alleged to have been

2

involved therein?  If so, please describe such photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Have there ever been any incidents involving personal injuries to individuals on the elevator that is the subject of this litigation for the five-year period preceding this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the incident;

(b)     The name, address and telephone number of the injured person;

(c)     A description of the accident.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any dispatch records, call logs, incident report, memoranda, handwritten note, or other documents or materials concerning, referencing or describing any accident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Please state the identity of each individual or entity with any interest in the property on which the incident involving the plaintiff occurred.

9.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or repair of the elevator that is the subject matter of this litigation?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

3

10.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any contracts, documents, correspondence or other records concerning any of the contracting parties listed in the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Has any entity issued a policy of liability insurance to the defendants?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

12.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

13.

Do you contend that the plaintiff caused or contributed to the accident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any report, data, memoranda, handwritten notes, videotape, photographs or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please describe any inspection or maintenance policies or procedures utilized in regard to the elevator that is the subject of this litigation.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manual, guidelines, reports, correspondence, or other documents concerning any policies or procedures concerning or referencing the elevator that is the subject of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any daily, weekly, annual or other inspection or maintenance reports regarding the elevator that is the subject of this litigation for the two-year period preceding this accident and the six-month period subsequent to this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Have you performed any surveillance on plaintiff?  If so, please state the following:

(a)     The dates of surveillance;

(b)     The person or entity who performed the surveillance;

(c)     A description of the surveillance.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any photographs or videotapes depicting plaintiff, the elevator or any other subject relevant to this action.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any medical records, x-ray films, MRI or CT scans or other documents regarding the plaintiff or his claimed damages.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Have you received any complaints regarding the elevator that is the subject of this litigation for the two-year period prior to this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the complaint;

(b)     The name, address and telephone number of the person who made the complaint;

(c)     A description of the complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any call logs, dispatch records, correspondence, memoranda, forms or other records concerning complaints referenced in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manuals, guidelines, memoranda or other documents related to elevator inspections, maintenance, repairs or other operations by your company.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manual, guidelines, memoranda or other document concerning the inspection, maintenance or repairs of elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Please identify any individuals who were responsible for maintaining or repairing the elevator in question or actually made repairs or maintenance to the subject elevator for the one-year period prior to the accident and the six-month period after the accident, including the person's name, address, current employer, telephone number and a description of the work performed by the individual.

28.

Please state in detail your policies and procedures regarding accidents involving elevators, including the reporting of accidents involving injuries.

29.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing your policies and procedures regarding accidents involving elevators, including any reporting requirements regarding accidents with injuries.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Please state in detail any training given to employees regarding accidents involving elevators.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing any training provided to employees regarding accidents involving escalators/elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Was the accident involving the plaintiff reported to the Department of Labor or any other governmental entity?  If so, please state:

(a)     The date of the report;

(b)     The identity of the person who reported the incident;

(c)     The identity of the person at the Department of Labor or other governmental entity who investigated the incident.

7

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all manufacturer service guides or manuals concerning the type of elevator that was involved in the incident which is the subject matter of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all memoranda, correspondence, reports, records, or other documents concerning plaintiff's accident sent to or received from any governmental entity, including but not limited to the Department of Labor.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all service request forms or repair records regarding the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspection reports, repair orders, work orders, maintenance tickets or other documents evidencing any repairs or maintenance to the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all citations, reprimands, correspondence, reports or other documents from any governmental entity in regard to the elevator that is the subject of this litigation for the five-year period prior to this

accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspections, audits or surveys from outside entities or individuals and any correspondence, reports, memoranda or other documents generated in regard to these inspections, audits or surveys for the property where the plaintiff was injured for the one-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all safety handbooks given to defendants' employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

41.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any payroll records for employees working within the facility where the elevator was located for the date of the incident involving the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

correspondence, letter, handwritten note, telephone log, memoranda or other document concerning, referencing or describing communications between the owner and the maintenance company regarding the elevator that was involved in the incident which is the subject matter of this litigation for the two-year period preceding this incident and the six-month period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

43.

Please state your policies and procedures regarding receiving complaints from customers via telephone, facsimile, e-mail or other medium regarding problems with elevators, and the dispatching of mechanics to resolve these complaints.

44.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing the defendant's policies and procedures for handling customer complaints regarding elevators and dispatching mechanics to resolve these complaints.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, parts requisition forms for any work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

invoices, receipts, spreadsheets, computer documents or other records evidencing charges for work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any e-mails, letters, texts, documents or other records evidencing communications between this defendant and Schindler Elevator Corporation regarding Plaintiff, Plaintiff's injuries, the incident that is the subject of Plaintiff's Complaint, and the elevator involved in the incident that this the subject of this Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

49.

When did you first anticipate litigation regarding the incident that is the subject of Plaintiff's Complaint.

50.

On May 8, 2019, who owned the real property located at located 35 14th Street, NW, Atlanta, GA 30309?

51.

On May 8, 2019, who operated the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

52.

On May 8, 2019, who owned the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**

*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road

11

Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149
(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03484-S5
5/6/2021 3:33 PM
TIANA P. GARNER, CLERK

**IN THE STATE  COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| WALTER CLAGGETT | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.: **21-C-03484-S5** |
| HMC SUITES LIMITED PARTNERSHIP, MARRIOTT INTERNATIONAL, INC. d/b/a ATLANTA MARRIOTT SUITES MIDTOWN,  MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES,  INC., MARRIOTT INTERNATIONAL CONSTRUCTION SERVICES, INC., MARRIOTT INTERNATIONAL DESIGN AND CONSTRUCTION SERVICES, INC., and SCHINDLER ELEVATOR CORPORATION, | |
| Defendants. | |

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO**
**DEFENDANT MARRIOTT INTERNATIONAL DESIGN AND CONSTRUCTION**
**SERVICES, INC.**

COMES NOW Walter Claggett, Plaintiff in the above-styled action, and pursuant to O.C.G.A. 9-11-36, requests Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are

1

true.  Defendant is required to make the following admissions within Forty-five (45) days after service of these requests.

1.

Please admit that this Court has personal jurisdiction over this Defendant.

2.

Please admit that this Court has subject-matter jurisdiction in this case.

3.

Please admit that this Defendant was properly served with the Plaintiff's Summons and Complaint.

4.

Please admit that venue is proper in this Court.

5.

Please admit that this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had actual knowledge of the defect in elevator that injured Plaintiff.

7

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had constructive knowledge of the defect in the elevator that injured Plaintiff.

8.

2

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to inspect the elevator that injured Plaintiff.

9.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to repair the elevator that injured Plaintiff.

10.

Please admit that the Plaintiff was not negligent in connection with the incident which forms the basis of Plaintiff's Complaint.

11.

Please admit that this Defendant's failure to properly inspect the elevator was the proximate cause of Plaintiff's injuries.

12.

Please admit that this Defendant's failure to properly maintain the elevator that closed on Plaintiff's arm was the proximate cause of Plaintiff's personal injuries.

13.

Please admit that this Defendant's failure to properly repair the elevator was the proximate cause of Plaintiff's personal injuries.

14.

Please admit that this Defendant's failure to warn Plaintiff of the defective elevator was the proximate cause of fall and personal injuries.

3

15.

Please admit that prior to the incident which forms the basis of Plaintiff's Complaint, this Defendant should have known that the elevator which is the subject of Plaintiff's Complaint was defective.

16.

Please admit that the elevator which is the subject of Plaintiff's Complaint posed an unreasonable risk of harm to Plaintiff on May 8, 2019.

17.

Please admit that the elevator which is the subject of Plaintiff's Complaint constituted a hazard to Plaintiff on May 8, 2019.

18.

Please admit that prior to the occurrence which forms the basis of Plaintiff's Complaint, Plaintiff did not have reason to know that the subject elevator was defective.

19.

Please admit that on May 8, 2019, this Defendant owned the real property located at 35 14th Street, NW, Atlanta, GA 30309.

20.

Please admit that on May 8, 2019, this Defendant owned the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

21.

Please admit that on May 8, 2019, this Defendant operated the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

4

22.

Please admit that on May 8, 2019, at the time of the incident which forms the basis of Plaintiff's Complaint, Plaintiff was an invitee of this Defendant at the Atlanta Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

Respectfully submitted, this 6th day of May, 2021.

**BOYD B. NEWTON, PC**

*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road
Atlanta, GA 30342
(Ph.) (404) 593-2630
(Fax) (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

5

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE  COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

WALTER CLAGGETT

Plaintiff,

v.

HMC SUITES LIMITED PARTNERSHIP,
MARRIOTT INTERNATIONAL, INC. d/b/a
ATLANTA MARRIOTT SUITES
MIDTOWN,  MARRIOTT
INTERNATIONAL ADMINISTRATIVE
SERVICES, INC.,  MARRIOTT
INTERNATIONAL CONSTRUCTION
SERVICES, INC., MARRIOTT
INTERNATIONAL DESIGN AND
CONSTRUCTION SERVICES, INC., and
SCHINDLER ELEVATOR CORPORATION,

Defendants.

CIVIL ACTION

FILE NO.:   **21-C-03484-S5**

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARRIOTT
## INTERNATIONAL DESIGN AND CONSTRUCTION SERVICES, INC.

TO:    Defendant Marriott International Design and Construction Services, Inc. by
and through counsel of record.

1

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendants.

1.

State the name, address, telephone number, email address, job title, and job description(s) of any person, including any party, who, to your knowledge, information or belief:

    (a)    Was an eyewitness to the incident complained of in this action;

    (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

    (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff, and

    (d)    Participated in responding to these Interrogatories and Request for Production of Documents.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any photographs, plats or drawings of the scene of the incident referred to in the complaint or any instrumentality alleged to have been

involved therein?  If so, please describe such photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Have there ever been any incidents involving personal injuries to individuals on the elevator that is the subject of this litigation for the five-year period preceding this accident and the one-year period subsequent to this accident?  If so, please state:

    (a)      The date of the incident;

    (b)      The name, address and telephone number of the injured person;

    (c)      A description of the accident.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any dispatch records, call logs, incident report, memoranda, handwritten note, or other documents or materials concerning, referencing or describing any accident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Please state the identity of each individual or entity with any interest in the property on which the incident involving the plaintiff occurred.

9.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or repair of the elevator that is the subject matter of this litigation?  If so, state:

    (a)      The identity of the contracting parties;

    (b)      The address and telephone number of the contracting parties;

    (c)      The duties of the contracting parties.

3

10.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any contracts, documents, correspondence or other records concerning any of the contracting parties listed in the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Has any entity issued a policy of liability insurance to the defendants?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

12.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

13.

Do you contend that the plaintiff caused or contributed to the accident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any report, data, memoranda, handwritten notes, videotape, photographs or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please describe any inspection or maintenance policies or procedures utilized in regard to the elevator that is the subject of this litigation.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manual, guidelines, reports, correspondence, or other documents concerning any policies or procedures concerning or referencing the elevator that is the subject of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any daily, weekly, annual or other inspection or maintenance reports regarding the elevator that is the subject of this litigation for the two-year period preceding this accident and the six-month period subsequent to this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Have you performed any surveillance on plaintiff?  If so, please state the following:

(a)     The dates of surveillance;

(b)     The person or entity who performed the surveillance;

(c)     A description of the surveillance.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any photographs or videotapes depicting plaintiff, the elevator or any other subject relevant to this action. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any medical records, x-ray films, MRI or CT scans or other documents regarding the plaintiff or his claimed damages.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Have you received any complaints regarding the elevator that is the subject of this litigation for the two-year period prior to this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the complaint;

(b)     The name, address and telephone number of the person who made the complaint;

(c)     A description of the complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any call logs, dispatch records, correspondence, memoranda, forms or other records concerning complaints referenced in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manuals, guidelines, memoranda or other documents related to elevator inspections, maintenance, repairs or other operations by your company.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manual, guidelines, memoranda or other document concerning the inspection, maintenance or repairs of elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Please identify any individuals who were responsible for maintaining or repairing the elevator in question or actually made repairs or maintenance to the subject elevator for the one-year period prior to the accident and the six-month period after the accident, including the person's name, address, current employer, telephone number and a description of the work performed by the individual.

28.

Please state in detail your policies and procedures regarding accidents involving elevators, including the reporting of accidents involving injuries.

29.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing your policies and procedures regarding accidents involving elevators, including any reporting requirements regarding accidents with injuries.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Please state in detail any training given to employees regarding accidents involving elevators.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing any training provided to employees regarding accidents involving escalators/elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Was the accident involving the plaintiff reported to the Department of Labor or any other governmental entity?  If so, please state:

(a)     The date of the report;

(b)     The identity of the person who reported the incident;

(c)     The identity of the person at the Department of Labor or other governmental entity who investigated the incident.

7

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all manufacturer service guides or manuals concerning the type of elevator that was involved in the incident which is the subject matter of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all memoranda, correspondence, reports, records, or other documents concerning plaintiff`s accident sent to or received from any governmental entity, including but not limited to the Department of Labor.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all service request forms or repair records regarding the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspection reports, repair orders, work orders, maintenance tickets or other documents evidencing any repairs or maintenance to the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all citations, reprimands, correspondence, reports or other documents from any governmental entity in regard to the elevator that is the subject of this litigation for the five-year period prior to this

accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspections, audits or surveys from outside entities or individuals and any correspondence, reports, memoranda or other documents generated in regard to these inspections, audits or surveys for the property where the plaintiff was injured for the one-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all safety handbooks given to defendants' employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

41.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any payroll records for employees working within the facility where the elevator was located for the date of the incident involving the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

correspondence, letter, handwritten note, telephone log, memoranda or other document concerning, referencing or describing communications between the owner and the maintenance company regarding the elevator that was involved in the incident which is the subject matter of this litigation for the two-year period preceding this incident and the six-month period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

43.

Please state your policies and procedures regarding receiving complaints from customers via telephone, facsimile, e-mail or other medium regarding problems with elevators, and the dispatching of mechanics to resolve these complaints.

44.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing the defendant's policies and procedures for handling customer complaints regarding elevators and dispatching mechanics to resolve these complaints.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, parts requisition forms for any work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

invoices, receipts, spreadsheets, computer documents or other records evidencing charges for work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any e-mails, letters, texts, documents or other records evidencing communications between this defendant and Schindler Elevator Corporation regarding Plaintiff, Plaintiff's injuries, the incident that is the subject of Plaintiff's Complaint, and the elevator involved in the incident that this the subject of this Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

49.

When did you first anticipate litigation regarding the incident that is the subject of Plaintiff's Complaint.

50.

On May 8, 2019, who owned the real property located at located 35 14th Street, NW, Atlanta, GA 30309?

51.

On May 8, 2019, who operated the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

52.

On May 8, 2019, who owned the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**

*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road

11

Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149
(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

|  |  |
|---|---|
| WALTER CLAGGETT | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO.: **21-C-03484-S5** |
| HMC SUITES LIMITED PARTNERSHIP, | |
| MARRIOTT INTERNATIONAL, INC. d/b/a | |
| ATLANTA MARRIOTT SUITES | |
| MIDTOWN,  MARRIOTT | |
| INTERNATIONAL ADMINISTRATIVE | |
| SERVICES,  INC., MARRIOTT | |
| INTERNATIONAL CONSTRUCTION | |
| SERVICES, INC., MARRIOTT | |
| INTERNATIONAL DESIGN AND | |
| CONSTRUCTION SERVICES, INC., and | |
| SCHINDLER ELEVATOR CORPORATION, | |
| Defendants. | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT HMC SUITES LIMITED PARTNERSHIP

COMES NOW Walter Claggett, Plaintiff in the above-styled action, and pursuant to O.C.G.A. 9-11-36, requests Defendant admit for purposes of this action that each of the following statements of fact, application of law to fact, and/or genuineness of documents are

1

true.  Defendant is required to make the following admissions within Forty-five (45) days after service of these requests.

1.

Please admit that this Court has personal jurisdiction over this Defendant.

2.

Please admit that this Court has subject-matter jurisdiction in this case.

3.

Please admit that this Defendant was properly served with the Plaintiff's Summons and Complaint.

4.

Please admit that venue is proper in this Court.

5.

Please admit that this Defendant does not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had actual knowledge of the defect in elevator that injured Plaintiff.

7

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant had constructive knowledge of the defect in the elevator that injured Plaintiff.

8.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to inspect the elevator that injured Plaintiff.

2

9.

Please admit that, prior to the incident that forms the basis of Plaintiff's Complaint, this Defendant failed to repair the elevator that injured Plaintiff.

10.

Please admit that the Plaintiff was not negligent in connection with the incident which forms the basis of Plaintiff's Complaint.

11.

Please admit that this Defendant's failure to properly inspect the elevator was the proximate cause of Plaintiff's injuries.

12.

Please admit that this Defendant's failure to properly maintain the elevator that closed on Plaintiff's arm was the proximate cause of Plaintiff's personal injuries.

13.

Please admit that this Defendant's failure to properly repair the elevator was the proximate cause of Plaintiff's personal injuries.

14.

Please admit that this Defendant's failure to warn Plaintiff of the defective elevator was the proximate cause of fall and personal injuries.

15.

Please admit that prior to the incident which forms the basis of Plaintiff's Complaint, this Defendant should have known that the elevator which is the subject of Plaintiff's Complaint was defective.

16.

Please admit that the elevator which is the subject of Plaintiff's Complaint posed an unreasonable risk of harm to Plaintiff on May 8, 2019.

17.

Please admit that the elevator which is the subject of Plaintiff's Complaint constituted a hazard to Plaintiff on May 8, 2019.

18.

Please admit that prior to the occurrence which forms the basis of Plaintiff's Complaint, Plaintiff did not have reason to know that the subject elevator was defective.

19.

Please admit that on May 8, 2019, this Defendant owned the real property located at 35 14th Street, NW, Atlanta, GA 30309.

20.

Please admit that on May 8, 2019, this Defendant owned the Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

21.

Please admit that on May 8, 2019, this Defendant operated the Marriott Suites Midtown located at 35 14th Street, NW, Atlanta, GA 30309.

Respectfully submitted, this 6th day of May, 2021.

**BOYD B. NEWTON, PC**


*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

4

5447 Roswell Road
Atlanta, GA 30342
(Ph.) (404) 593-2630
(Fax) (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| WALTER CLAGGETT | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO.: **21-C-03484-S5** |
| HMC SUITES LIMITED PARTNERSHIP, | |
| MARRIOTT INTERNATIONAL, INC. d/b/a | |
| ATLANTA MARRIOTT SUITES | |
| MIDTOWN, MARRIOTT | |
| INTERNATIONAL ADMINISTRATIVE | |
| SERVICES, INC., MARRIOTT | |
| INTERNATIONAL CONSTRUCTION | |
| SERVICES, INC., MARRIOTT | |
| INTERNATIONAL DESIGN AND | |
| CONSTRUCTION SERVICES, INC., and | |
| SCHINDLER ELEVATOR CORPORATION, | |
| Defendants. | |

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HMC SUITES
## LIMITED PARTNERSHIP

TO:    Defendant HMC Suites Limited Partnership by and through counsel of

record.

1

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant for response within 30 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendants are required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendants.

1.

State the name, address, telephone number, email address, job title, and job description(s) of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff, and

(d)     Participated in responding to these Interrogatories and Request for Production of Documents.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such statements or reports.   In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any photographs, plats or drawings of the scene of the incident referred to in the complaint or any instrumentality alleged to have been

2

involved therein?  If so, please describe such photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, all such photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Have there ever been any incidents involving personal injuries to individuals on the elevator that is the subject of this litigation for the five-year period preceding this accident and the one-year period subsequent to this accident?  If so, please state:

(a)     The date of the incident;

(b)     The name, address and telephone number of the injured person;

(c)     A description of the accident.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any dispatch records, call logs, incident report, memoranda, handwritten note, or other documents or materials concerning, referencing or describing any accident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Please state the identity of each individual or entity with any interest in the property on which the incident involving the plaintiff occurred.

9.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or repair of the elevator that is the subject matter of this litigation?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

3

10.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any contracts, documents, correspondence or other records concerning any of the contracting parties listed in the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Has any entity issued a policy of liability insurance to the defendants?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

12.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

13.

Do you contend that the plaintiff caused or contributed to the accident in question?  If so, state with particularity each and every contention made in this regard.

14.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any report, data, memoranda, handwritten notes, videotape, photographs or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Please describe any inspection or maintenance policies or procedures utilized in regard to the elevator that is the subject of this litigation.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manual, guidelines, reports, correspondence, or other documents concerning any policies or procedures concerning or referencing the elevator that is the subject of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any daily, weekly, annual or other inspection or maintenance reports regarding the elevator that is the subject of this litigation for the two-year period preceding this accident and the six-month period subsequent to this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Have you performed any surveillance on plaintiff?  If so, please state the following:

(a)     The dates of surveillance;

(b)     The person or entity who performed the surveillance;

(c)     A description of the surveillance.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any photographs or videotapes depicting plaintiff, the elevator or any other subject relevant to this action. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any medical records, x-ray films, MRI or CT scans or other documents regarding the plaintiff or his claimed damages.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

Have you received any complaints regarding the elevator that is the subject of this litigation for the two-year period prior to this accident and the one-year period subsequent to this accident?  If so, please state:

    (a)      The date of the complaint;

    (b)      The name, address and telephone number of the person who made the complaint;

    (c)      A description of the complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any call logs, dispatch records, correspondence, memoranda, forms or other records concerning complaints referenced in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manuals, guidelines, memoranda or other documents related to elevator inspections, maintenance, repairs or other operations by your company.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any policy and procedure manual, guidelines, memoranda or other document concerning the inspection, maintenance or repairs of elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Please identify any individuals who were responsible for maintaining or repairing the elevator in question or actually made repairs or maintenance to the subject elevator for the one-year period prior to the accident and the six-month period after the accident, including the person's name, address, current employer, telephone number and a description of the work performed by the individual.

28.

Please state in detail your policies and procedures regarding accidents involving elevators, including the reporting of accidents involving injuries.

29.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing your policies and procedures regarding accidents involving elevators, including any reporting requirements regarding accidents with injuries.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Please state in detail any training given to employees regarding accidents involving elevators.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all guidelines, manuals, memoranda or other documents evidencing any training provided to employees regarding accidents involving escalators/elevators.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Was the accident involving the plaintiff reported to the Department of Labor or any other governmental entity?  If so, please state:

(a)     The date of the report;

(b)     The identity of the person who reported the incident;

(c)     The identity of the person at the Department of Labor or other governmental entity who investigated the incident.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all manufacturer service guides or manuals concerning the type of elevator that was involved in the incident which is the subject matter of this litigation.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all memoranda, correspondence, reports, records, or other documents concerning plaintiff's accident sent to or received from any governmental entity, including but not limited to the Department of Labor.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all service request forms or repair records regarding the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspection reports, repair orders, work orders, maintenance tickets or other documents evidencing any repairs or maintenance to the elevator that is the subject matter of this litigation for the two-year period prior to this accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all citations, reprimands, correspondence, reports or other documents from any governmental entity in regard to the elevator that is the subject of this litigation for the five-year period prior to this

8

accident and the six-month period following this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all inspections, audits or surveys from outside entities or individuals and any correspondence, reports, memoranda or other documents generated in regard to these inspections, audits or surveys for the property where the plaintiff was injured for the one-year period prior to this accident and the six-month period following the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any and all safety handbooks given to defendants' employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

41.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any payroll records for employees working within the facility where the elevator was located for the date of the incident involving the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

42.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

9

correspondence, letter, handwritten note, telephone log, memoranda or other document concerning, referencing or describing communications between the owner and the maintenance company regarding the elevator that was involved in the incident which is the subject matter of this litigation for the two-year period preceding this incident and the six-month period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

43.

Please state your policies and procedures regarding receiving complaints from customers via telephone, facsimile, e-mail or other medium regarding problems with elevators, and the dispatching of mechanics to resolve these complaints.

44.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing any policy or procedure identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any manuals, guidelines, memoranda, reports or other documents concerning, referencing or describing the defendant's policies and procedures for handling customer complaints regarding elevators and dispatching mechanics to resolve these complaints.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, parts requisition forms for any work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any

invoices, receipts, spreadsheets, computer documents or other records evidencing charges for work performed on the elevator at issue in this litigation for the two-year period prior to this incident and the six-month period subsequent to this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Boyd B. Newton, PC, 5447 Roswell Road, Atlanta, GA 30342, any e-mails, letters, texts, documents or other records evidencing communications between this defendant and Schindler Elevator Corporation regarding Plaintiff, Plaintiff's injuries, the incident that is the subject of Plaintiff's Complaint, and the elevator involved in the incident that this the subject of this Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

49.

When did you first anticipate litigation regarding the incident that is the subject of Plaintiff's Complaint.

50.

On May 8, 2019, who owned the real property located at located 35 14th Street, NW, Atlanta, GA 30309?

51.

On May 8, 2019, who operated the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?

52.

On May 8, 2019, who owned the Marriott Suites Midtown located at located 35 14th Street, NW, Atlanta, GA 30309?


This 6th day of May, 2021.

**BOYD B. NEWTON, P.C.**


*/s/ Boyd B. Newton*
BOYD B. NEWTON
Georgia Bar No. 541626
Attorney for Plaintiff

5447 Roswell Road

11

Atlanta, Georgia 30342
(P) (404) 593-2630
(F) (404) 264-1149
(E): boyd@boydnewtonlaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03484-S5**
**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

**IN THE STATE  COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| WALTER CLAGGETT | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO.: __**21-C-03484-S5**__ |
| HMC SUITES LIMITED PARTNERSHIP, MARRIOTT INTERNATIONAL, INC. d/b/a ATLANTA MARRIOTT SUITES MIDTOWN,  MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES,  INC., MARRIOTT INTERNATIONAL CONSTRUCTION SERVICES, INC., MARRIOTT INTERNATIONAL DESIGN AND CONSTRUCTION SERVICES,INC.,  and SCHINDLER ELEVATOR CORPORATION, | |
| Defendants. | |

## **RULE 5.2 CERTIFICATE OF SERVICE**

Pursuant to Uniform Superior Court Rule 5.2, the undersigned hereby certifies that on the date shown, Plaintiff served a copy of the Plaintiff's First Interrogatories & Request for Production of Documents to Defendant HMC Suites Limited Partnership, Plaintiff's First

1

Interrogatories & Request for Production of Documents to Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown, Plaintiff's First Interrogatories & Request for Production of Documents to Marriott International Administrative Services, Inc, Plaintiff's First Interrogatories & Request for Production of Documents to Marriott International Construction Services, Inc., Plaintiff's First Interrogatories & Request for Production of Documents to Marriott International Design and Construction Services, Inc.. Plaintiff's First Interrogatories & Request for Production of Documents to Defendant Schindler Elevator Corporation, Plaintiff's First Request for Admissions to Defendant HMC Suites Limited Partnership, Plaintiff's First Request for Admissions to Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown, Plaintiff's First Request for Admissions to Marriott International Construction Services, Inc., Plaintiff's First Request for Admissions to Marriott International Design and Construction Services, Inc., Plaintiff's First Request for Admissions to Marriott International Administrative Services, Inc., and Plaintiff's First Request for Admissions to Defendant Schindler Elevator Corporation upon the following parties by personal service with the Summons and Complaint:

Defendant HMC Suites Limited Partnership
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092


Defendant Schindler Elevator Corporation
c/o CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046-4805

Defendant Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown
c/o CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046-4805

Defendant Marriott International Administrative Services, Inc,
c/o CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046-4805

Defendant Marriott International Construction Services, Inc.
c/o CT Corporation System
289 South Culver Street

2

Lawrenceville, GA 30046-4805

Defendant Marriott International Design and Construction Services, Inc.
c/o CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046-4805

This 6th day of May, 2021.

**BOYD B. NEWTON, PC**

*/s/ Boyd B. Newton*
Boyd B. Newton
Georgia Bar No. 541626
Attorney for Plaintiff

Boyd B. Newton, P.C.
5447 Roswell Road
Atlanta, Georgia 30342
T: (404) 593-2630
F: (404) 264-1149
E-Mail: boyd@boydnewtonlaw.com

3

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Walter Claggett

_____

_____

_____

**PLAINTIFF**

CIVIL ACTION **21-C-03484-S5**
NUMBER:_____

VS.

HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown,

Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc.,

Marriott International Design and Construction Services, Inc., Schindler Elevator Corporation

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   HMC Suites Limited Partnership

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Boyd B. Newton, P.C.

5447 Roswell Road

Atlanta, GA 30342

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____**6TH**_____ day of _____**MAY**_____, 20__**21**__.

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Walter Claggett

_____

_____

**PLAINTIFF**

VS.

HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown,

Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc.,

Marriott International Design and Construction Services, Inc., Schindler Elevator Corporation

**DEFENDANT**

CIVIL ACTION
NUMBER: **21-C-03484-S5**_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Marriott International Design and Construction Services, Inc.

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Boyd B. Newton, P.C.

5447 Roswell Road

Atlanta, GA 30342

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This ____**6TH**____ day of ____**MAY**_____, 20__**21**__.

**Tiana P. Garner**
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Walter Claggett

_____

_____

PLAINTIFF

CIVIL ACTION **21-C-03484-S5**
NUMBER:_____

VS.

HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown,

Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc.,

Marriott International Design and Construction Services, Inc., Schindler Elevator Corporation

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Marriott International Administrative Services, Inc.

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Boyd B. Newton, P.C.

5447 Roswell Road

Atlanta, GA 30342

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This ___**6TH**___ day of ___**MAY**_____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Walter Claggett

_____

_____

PLAINTIFF

VS.

HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown,

Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc.,

Marriott International Design and Construction Services, Inc., Schindler Elevator Corporation

DEFENDANT

CIVIL ACTION
NUMBER:_____   **21-C-03484-S5**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Boyd B. Newton, P.C.

5447 Roswell Road

Atlanta, GA 30342

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This ____**6TH**____ day of ____**MAY**_____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03484-S5**

**5/6/2021 3:33 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Walter Claggett

_____

_____

CIVIL ACTION
NUMBER: **21-C-03484-S5**

PLAINTIFF

VS.

HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown,

Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc.,

Marriott International Design and Construction Services, Inc., Schindler Elevator Corporation

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Marriott International Construction Services, Inc.

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Boyd B. Newton, P.C.

5447 Roswell Road

Atlanta, GA 30342

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____**6TH**_____ day of _____**MAY**_____, 20__**21**__.

**Tiana P. Garner**
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-03484-S5

5/6/2021 3:33 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Walter Claggett

_____

_____

_____

CIVIL ACTION
NUMBER:_____**21-C-03484-S5**_____

PLAINTIFF

VS.

HMC Suites Limited Partnership, Marriott International, Inc. d/b/a Atlanta Marriott Suites Midtown,

Marriott International Administrative Services, Inc., Marriott International Construction Services, Inc.,

Marriott International Design and Construction Services, Inc., Schindler Elevator Corporation

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Schindler Elevator Corporation

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Boyd B. Newton, P.C.

5447 Roswell Road

Atlanta, GA 30342

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____**6TH**_____ day of _____**MAY**_____, 20**21**.

**Tiana P. Garner**
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**